IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIOKO CRESPO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05cv1656 |
| | ) | |
| R. JAMES NICHOLSON, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

October 10, 2006

Presently before the Court for disposition is the MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER, with brief in support, filed by Defendant, R. James Nicholson, Secretary of the Department of Veterans Affairs. Plaintiff's Response to the Motion was ordered to be filed on or before September 21, 2006; however, to date, Plaintiff has failed to respond.

**Facts**

Plaintiff filed this action on December 2, 2005, by the filing of a three-count Complaint[1] in which she alleges that her current employer, the Department of Veterans Affairs, subjected her to a hostile work environment on the basis of her race and gender. Aside from filing her Complaint, however, Plaintiff has done very little to advance this case.

---

[1] In Count I, Plaintiff brought claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; in Count Two, Plaintiff brought claims under 42 U.S.C. § 1983; and Count III, Plaintiff brought claims under the Pennsylvania Human Relations Act.

On February 3, 2006, Defendant filed an Answer to the Complaint and Motion to Dismiss Counts II and III of Plaintiff's Complaint and to Strike Plaintiff's Request for Punitive Damages. Plaintiff was ordered to respond to the Motion to Dismiss and Motion to Strike on or before February 24, 2006. Because Plaintiff failed to respond, the Court granted Defendant's motions. A Case Management Conference was scheduled for March 24, 2006. Counsel for Plaintiff failed to appear and did not contact the Court prior to the scheduled conference to seek an alternative date for the conference. Plaintiff failed to serve initial disclosures until the Court ordered her to do so on May 4, 2006.

On or about June 5, 2006, Defendant served its First Set of Interrogatories And Requests For Production of Documents to Plaintiff. Plaintiff's responses and documents were due within thirty (30) days, or July 5, 2006. However, Defendant did not receive any responses and/or documents and filed a Motion to Compel on August 21, 2006. On August 22, 2006, the Court granted Defendant's Motion to Compel Plaintiff to Answer Interrogatories and ordered that answers to interrogatories and requests for production of documents shall be produced by Plaintiff on or before August 29, 2006. To date, Defendant has yet to receive any responses or documents.

On September 11, 2006, Defendant filed the instant Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order. Plaintiff's Response to the Motion was ordered to be filed on or before September 21, 2006; again, to date, no response has been filed. Efforts by the Court to contact Plaintiff's counsel have been unsuccessful.

**Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

The Court of Appeals for the Third Circuit has emphasized that dismissal of a cause of action for failure to prosecute is a drastic sanction only to be used in extreme circumstances. *See Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 869 (3d Cir. 1994).  Before dismissing a case under Rule 41(b), courts must at a minimum consider the six factors set forth by our appellate court in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984):  (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) *(citing Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).  The *Poulis* factors are not a formula, and it is not necessary that each factor be satisfied for dismissal to be appropriate. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).  The factors are to "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870.

3

*Extent of Plaintiff's Personal Responsibility*

The record does not reflect why Plaintiff and her counsel have not pursued this action. Although there is no evidence that the Plaintiff personally directed her counsel to stall the litigation, it is highly unlikely that she is not aware that there has been no activity for quite some time. Even if Plaintiff herself is not responsible for her counsel's dilatory conduct, this fact does not rule out dismissal, "because a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis,* 747 F.2d 873 (*citing Link v. Wabash, R.R.*, 370 U.S. 626 633 (1962)). While Plaintiff's counsel may bear the bulk of responsibility for failure to prosecute this case, Plaintiff could have taken steps herself to advance the litigation, even if she had to retain new counsel to do so. Consideration of this factor does not weigh strongly for or against dismissal.

*Prejudice to Defendant*

Prejudice to the adversary may consist of "the irretrievable loss of evidence" and "the inevitable dimming of witnesses' memories." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). By continually failing to cooperate with discovery, Plaintiff has prejudiced Defendant's efforts to gather information necessary to defend himself against Plaintiff's allegations. For example, without Plaintiff's signed authorizations, Defendant cannot obtain medical records regarding Plaintiff's claim for "mental anguish damages;" and without Plaintiff's interrogatory answers, Defendant cannot begin to prepare for taking her deposition.

Additionally, Defendant has been prejudiced because he has an interest in a prompt resolution of this litigation. "Defendant is prejudiced by the uncertainty, expense and inconvenience that are inherent when a case such as this extends indefinitely." *Clarke v.*

*Principi,* No. 01-0111, slip op. at 5 (W.D. Pa. October 20, 2004), *aff'd,* 153 Fed. Appx. 69 (3d Cir. 2005).

Consideration of this factor weighs heavily in favor of dismissal.

### *History of Dilatoriness*

As previously noted, Plaintiff and her counsel did not respond to Defendant's partial motion to dismiss, ignored Defendant's counsel repeated requests to confer regarding the requisite Rule 26(f) report; counsel for Plaintiff failed to call or appear at the Case Management Conference; and discovery responses are now more than three (3) months overdue.

The Court concludes that Plaintiff's inaction is sufficiently dilatory to weigh in favor of dismissal.

### *Whether Conduct was Willful or in Bad Faith*

Plaintiff has offered no explanation for failing to pursue this litigation. While such lack of explanation may not amount to bad faith, Plaintiff has presented no outside circumstances to justify it, and it appears to be willful. Therefore this factor, too, weighs in favor of dismissal.

### *Consideration of Sanctions Other Than Dismissal*

Before dismissing a case with prejudice, a court must consider whether alternative sanctions are possible. *Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 863.   The Court notes that in assessing the possibility of alternative sanctions under *Poulis*, that it has given Plaintiff the maximum opportunity to comply. Plaintiff was given ample time to respond to the interrogatories and request for production which were served upon her; and she was given ample time to respond to the instant Motion to Dismiss.  The Court concludes that lesser

measures, such as giving Plaintiff further opportunities to appear would be ineffective. Therefore this factor, too, weighs in favor of dismissal.

*Meritoritousness of the Claim*

A claim is considered meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. In the present case, Plaintiff's claims are facially meritorious. However, it would be unusual for a plaintiff "with a strong case . . . [to] sit on their hands as long as this plaintiff has done. Common sense dictates that [plaintiff's] action is likely to be of questionable merit." *Windward Agency Inc. v. Cologne Life Reinsurance Co.,* 353 F. Supp. 2d 538, 541 (E.D. Pa. 2003), *aff'd,* 353 Fed. Appx. 481 (3d Cir. 2005). The case cannot be considered unmeritorious at this stage, but neither is it clear that plaintiff would win at trial. Consideration of this factor does not weigh strongly for or against dismissal.

**Conclusion**

Plaintiff has taken virtually no action to pursue this litigation other than file a Complaint. After examining the case in light of each of the *Poulis* factors, the Court finds and rules that dismissal pursuant to Rule 41(b) is warranted. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIOKO CRESPO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 05cv1656 |
| | ) | |
| R. JAMES NICHOLSON, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OF COURT

AND NOW, this 10th day of October, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant's Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    James E. Harvin, Esquire
       Email: jeharvin@earthlink.net

       Megan E. Farrell,
       Assistant U.S. Attorney
       Email: megan.farrell@usdoj.gov