IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHIOKO CRESPO,           ) | |
|                          ) | |
|     Plaintiff,           ) | 2:05-cv-1656 |
| v.                       ) | |
|                          ) | |
| R. JAMES NICOLSON, Secretary, ) | |
| Department of Veterans Affairs, ) | |
|                          ) | |
|     Defendant.           ) | |

## MEMORANDUM AND ORDER OF COURT

Before the Court for consideration and deposition are DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 34); DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT (Document No. 35); APPENDIX OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 36); and, BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 37), which were filed on June 1, 2007, in accordance with the scheduling order of March 26, 2007.  By Order of June 4, 2007, Plaintiff was to file a response to said motion and <u>seriatim</u> reply to the statement of undisputed material facts with accompanying brief within 30 days on July 2, 2007.  Plaintiff failed to comply with said Order, but rather on July 2, 2007, filed a MOTION TO DENY AND DISMISS DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT, CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT, APPENDIX OF EXHIBITS IN SUPPORT OF DEFENDANT'S SUMMARY JUDGMENT MOTION AND BRIEF IN SUPPORT DUE TO UNTIMELY SUBMISSION

(Document No. 39) in which she alleged that Defendant's filings of the above referenced Document Nos. 34 through 37 were untimely filed on June 4, 2007, instead of June 1, and should therefore be dismissed, *i.e.*, stricken.  Plaintiff is in error insofar as the Court docket reflects that Document Nos. 34 through 37 were electronically filed between 4:46 P.M. and 4:51 P.M. on June 1, 2007, and hence were timely filed.  As a *pro se* Plaintiff, Ms. Crespo is not a registered user of the Court's electronic case filing system and therefore she was served with said filings by mail which were reportedly received by her on June 7, 2007.  Plaintiff's response(s) to Defendant's filings were due to be filed on July 2, 2007.  However, Plaintiff has not filed a substantive response to Defendant's Motion for Summary Judgment and supporting Doc. Nos. 34 through 37.  Nevertheless, the issues have been set forth by Defendant with specificity, and briefed and Defendant's Motion is ripe for disposition.

In view of Defendant's timely filings of Document Nos. 34 through 37, Plaintiff's Motion to Deny and Dismiss said filings is **DENIED**.

## PROCEDURAL HISTORY

Plaintiff's Complaint in this action was filed on December 2, 2005, in which she alleged claims under Title VII (Count I), as well as 42 U.S.C. § 1983 (Count II), and the Pennsylvania Human Relations Act (the "PHRA") (Count III).  (*See generally* Compl.).  The relief requested by plaintiff included compensatory and punitive damages.  (*See id*)  On February 3, 2006, defendant filed an Answer and a Motion to Dismiss Counts II and III of the Complaint and to Strike the Request for Punitive Damages.  (*See* Docket Nos. 2-4).  Defendant's motions were granted by Order of March 20, 2006; accordingly, Plaintiff is limited to her claim under Title VII, and punitive damages have been stricken.  (*See* Docket No. 7).

After Plaintiff's former counsel, James E. Harvin, Esq., failed to respond to defense counsel's discovery requests and ignored a Court Order directing him to respond, Defendant filed a Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order. (*See* Docket Nos. 16-17). By Memorandum Opinion and Order of Court dated October 10, 2006, the Court granted Defendant's motion, dismissed Plaintiff's Complaint with prejudice, and directed the Clerk of Court to docket this case "closed." (*See* Docket No. 18). However, the Court subsequently reopened the case after Plaintiff filed a *pro se* motion for additional time to seek new counsel, and Lois Glanby, Esq., entered her appearance. (*See* Docket Nos. 19 and 22-24). Without objection from Plaintiff, Ms. Glanby and her law firm were permitted to withdraw their appearance on March 16, 2007, and no attorney has since entered an appearance on behalf of Plaintiff; accordingly, she has since been pursuing this action *pro se* (*See* Docket Nos. 31-32).

## **STANDARD OF REVIEW**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id*. (*citing Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986)).  Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

Summary judgment will not be entered automatically due to Defendants' failure to oppose the motion.  Rather, the Court must carefully examine the record to determine whether there is a genuine issue of material fact such that judgment as a matter of law would not be appropriate.  As part of its task, the Court must satisfy itself that the evidence in the summary judgment record supports Defendant's concise statement of material facts.  *See* Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment *if appropriate*, shall be entered against the adverse party.") (Emphasis added).

## DISCUSSION

Chioko Crespo is proceeding *pro se* in this action.  She is an African American female employee of Defendant, Department of Veterans Affairs (VA) whose Complaint alleges that her employer violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII) by subjecting her to a hostile work environment and disparate treatment based on her gender and race.  She also contends that following her contact with an Equal Employment Opportunity Commission (EEOC) counselor, that she was subject to retaliation by her supervisor(s).

The Court has conducted a detailed review of Defendant's Motion for Summary Judgment, Defendant's Concise Statement of Material Facts in Support of His Motion for Summary Judgment and Defendant's Appendix with 23 Exhibits attached.  With no seriatim reply to the concise statement of material facts having been filed by or on behalf of Plaintiff

(despite an express Order of Court to do so) and there being no inconsistency or contradictory conclusions apparent from the facts and exhibits as presented by Defendant, the Court must conclude that there are no genuine issues of material fact to be submitted to a jury.

  The Court has also studied the Brief in Support of Defendant's Motion for Summary Judgment and finds that the law as cited by Defendant through statutes and appellate and district court opinions is a true and accurate statement of the current state of the law applicable to the facts of this matter and the law as interpreted and applied to the facts of this case support the inevitable conclusion that Defendant is entitled to summary judgment on all of Plaintiff's claims including, but not limited to, hostile work environment, disparate treatment based on gender and race and retaliation.

  An appropriate Order follows.

                    McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIOKO CRESPO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-1656 |
| v. | ) | |
| | ) | |
| R. JAMES NICOLSON, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 25th day of July, 2007, in accordance with the foregoing Memorandum, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant's Motion for Summary Judgment is **GRANTED** in its entirety and Plaintiff's Complaint is **DISMISSED**.

The Clerk shall docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Chioko Crespo/**VIA REGULAR AND CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED**
506 Barckhoff Street
Pittsburgh, PA 15235

Megan E. Farrell, AUSA
Email: megan.farrell@usdoj.gov